UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ACCERIS COMMUNICATIONS TECHNOLOGIES, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 04-1690 (GEB) |
| v. | ) ) ) | |
| ITXC CORP., | ) ) ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER PERMITTING DISMISSAL OR WITHDRAWAL OF PATENT INFRINGEMENT COMPLAINT AND DISMISSING DEFENDANT'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**TOMPKINS, McGUIRE, WACHENFELD & BARRY LLP**
**Four Gateway Center**
**100 Mulberry Street**
**Newark, NJ  07102-4070**
**973-622-3000**
**Attorneys for Plaintiff**
**Acceris Communications Technologies, Inc.**

William H. Trousdale, Esq.
Eugene J. Sullivan, Esq.
              Of Counsel

## PRELIMINARY STATEMENT

The plaintiff owns a patented technology utilized in the transmission of telephone calls via the Internet.[1] The plaintiff filed a complaint in this action alleging that the defendant offers products or services that infringe the plaintiff's patent. The defendant in an initial answer and counterclaim, and ultimately in a second amended answer and counterclaim, denied infringement and sought a declaratory judgment that the defendant did not infringe the plaintiff's patent and also that the patent is invalid and unenforceable. The plaintiff filed an answer denying those assertions in the counterclaim.

While the complaint was filed in 2004, the docket sheet reflects fairly limited litigation activity to date: the filing of pleadings, and some limited motion practice and court conferences. See Affidavit of Eugene J. Sullivan Ex. 1. Plaintiff recently discharged the attorneys who filed the complaint on its behalf and retained the undersigned to represent it. See Sullivan Affidavit., Ex. 2. A letter from plaintiff's prior attorneys, the Gibbons Del Deo firm, reported to the Court in a letter dated November 14, 2005 that very little discovery had taken place and that a then-recent scheduling order in effect restarted the clock on pretrial discovery and activity. See Sullivan Affidavit, Ex. 3.

The plaintiff files this motion to ask the Court under F.R.C.P. 41 to permit the plaintiff to dismiss and withdraw its complaint in the action. In support of this motion the plaintiff is submitting a proposed covenant not to sue which in effect guarantees the defendant that the plaintiff will not reassert a claim in the future that the defendant is liable for infringing the plaintiff's patent. The plaintiff proposes to submit this covenant because the defendant has

---

[1] At the time this law suit was commenced, the plaintiff was known as Acceris Communications Technologies, Inc. It is now known as C2 Global Technologies, Inc.

answered and filed a counterclaim for declaratory relief so that the plaintiff is no longer free to unilaterally dismiss and withdraw its own complaint and end the case without an order of the Court. The defendant has a right to insist that its declaratory judgment claim go forward **if** there is any risk in the future that the plaintiff's infringement claims will be reasserted. The plaintiff's proposed covenant not to sue defendant completely eliminates that risk and any apprehension of litigation.

The plaintiff is making this motion because of the considerable expense of this suit to date, and based upon information obtained concerning the nature and volume of the defendant's sales in the industry. These considerations by plaintiff at this time render the continuation of this suit imprudent as a matter of business judgment. In fact, the costs of the suit to date led to the replacement of plaintiff's original counsel.

The proposed covenant attached to the proposed form of Order is not signed. It is not signed in case the Court concludes that it requires revisions to be a predicate of the relief sought in this motion.

The proposed form of order includes language to the effect that the dismissal of the complaint and counterclaim sought by this motion is not based upon any determination by the Court of the merits of any of the claims or issues in the suit (including the counterclaims). This language is very important to the plaintiff. The plaintiff's patented technology is very important and valuable. There is a possibility that other participants in the industry will offer products and services which potentially infringe the patent. It is important to the plaintiff that there be no possibility that the order of dismissal sought in this case be construed as constituting a determination by the court of the merits of any of the issues in the suit (including the counterclaim). Furthermore, it is the plaintiff's intent that the covenant not to sue defendant

2

must not be used as a loophole for other carriers or market participants to avoid plaintiff's patent rights by now channeling services through defendant as a conduit (now that it has the benefit of the covenant).

## ARGUMENT

### THE COMPLAINT AND COUNTERCLAIM SHOULD BE DISMSSED BASED UPON THE PLAINTIFF'S WITHDRAWAL OF ITS COMPLAINT AND ITS OFFER OF A COVENANT NOT TO SUE.

The situation underlying this motion by the plaintiff is quite common.  There are a number of patent cases in which plaintiffs have filed infringement claims, the defendants have denied liability and also filed counterclaims seeking a declaratory judgment that they do not infringe the plaintiffs' patent and that the plaintiffs' patent are invalid or otherwise unenforceable. In many situations, plaintiffs have at some stage withdrawn all or some of their patent infringement claims and sought a dismissal of counterclaims seeking declaratory judgment regarding the withdrawn claims.  Such developments arise for a variety of business or other reasons, including pragmatic reasons regarding the costs/rewards of litigation.

In this scenario, Courts have routinely dismissed either complaints or counterclaims seeking declaratory judgments that patents are invalid (or unenforceable) and/or are not infringed.  In cases where patent owners have asserted claims and subsequently withdraw them, and where the defendants have already answered and filed a declaratory judgment counterclaims, the courts do not dismiss the declaratory judgment  counterclaim unless the patent owner provides some assurance that the defendant will not be subjected to patent infringement claims in the future.

3

The Courts uniformly conclude that, where a patent owner is not alleging infringement or has withdrawn an infringement claim (and has made a covenant not to sue again in the future), there is no longer an actual controversy between the parties. The Courts hold that where there is no actual controversy, the Court no longer has subject matter jurisdiction under the Declaratory Judgment Act, 28 USC §2201. Indeed, there is no case or controversy which is necessary for jurisdiction under Article III of the U. S. Constitution.

The plaintiff here should be permitted to dismiss or withdraw its complaint because it has offered a covenant not to sue the defendant based on the infringement claims in the complaint. In addition, the defendant's counterclaim for declaratory judgment must be dismissed because the dismissal of the complaint and the plaintiff's covenant not to remove any risk of future infringement claims by the plaintiff.

A summary of the law regarding this situation appears in Prudent Publishing Co. v. Myron Manufacturing Corp., 722 F. Supp. 17 (SDNY 1989) at 21-22.

> Claims for declaratory judgment must have some basis in an actual controversy. 28 U.S.C. § 2201 (1982 Supp. III 1985). In the absence of such a controversy the court lacks jurisdiction to grant such relief because 28 U.S.C. § 2201 does not create an independent basis for federal jurisdiction. Berni v. Intern. Gourmet Restaurants of America, 838 F.2d 642, 648 (2d Cir.1988); Warner-Jenkinson Co. v. Allied Chemical Corp., 567 F.2d 184, 186 (2d Cir.1977). The Declaratory Judgment Act is frequently applied in patent, trademark and copyright infringements actions by the party threatened by an infringement suit seeks a declaration that he is not infringing or as to the validity of the registration. Walker Process Equipment Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965).
>
> A defendant's declaratory action must be grounded on the defendant's reasonable apprehension that the plaintiff will claim infringement and that he will act affirmatively to enforce the protection which he claims. Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 439 F.2d 871, 874 (1st Cir.1971). The fact that a party threatens another with an infringement suit is a basis for

4

bringing an action for a declaratory judgment even though after it is commenced the infringement suit is withdrawn. *E.J. Brooks Co. v. Stoffel Seals Corp.*, 160 F.Supp. 581 (S.D.N.Y.1958), *rev'd on other grds*, 266 F.2d 841 (2d Cir.1959). However, it is not enough that there may once have been a controversy at the time the suit was commenced if subsequent events have put an end to the controversy. *Mailer v. Zolotow*, 380 F.Supp. 894, 896-97 (S.D.N.Y.1974), *citing*, 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2757 at 766-67 (1973 ed.).

The only issue here is whether Prudent's covenant not to sue removes all reasonable fear of a subsequent infringement suit on the two claims relating to Myron's Old Fashioned Christmas and Winter Landscape cards. Prudent has already filed an unopposed amended complaint omitting these claims and has undertaken in an affidavit that it will not sue on these two claims. There is therefore no controversy and no federal jurisdiction to decide a declaratory judgment counterclaim directed to those two counts. Therefore, as to these two cards this counterclaim for declaratory relief is dismissed.

The Prudent case also includes a form of covenant not to sue which was approved by the Court (at page 21).

Other cases which set forth and apply the law include Grain Processing Corp. v. American Maize-Products Co., 840 F.2d 902 (Fed. Cir. 1988); Mobile Oil Corp. v. Advanced Environmental Recycling Technologies, 826 F. Supp. 112 (D. Del. 1993); Level 1 Technologies v. C.R. Bard, 839 F. Supp. 90 (D. Mass. 1994); Hewlett-Packard v. Genrad, Inc., 882 F. Supp. 1141 (D. Mass. 1995); Biogen, Inc. v. Amgen, Inc., 913 F. Supp. 35 (D. Mass. 1996); Biacore v. Thermo Bioanalysis Corp., 79 F. Supp. 2nd 422 (D. Del. 1999), affirmed on opinion below, 30 Fed. Appx. 994 (no dismissal); Paramount Pictures Corp. v. Replay TV, 298 F. Supp. 2nd 921 (C.D. Cal. 2004) (Party given immunity from copyright infringement claim may not continue declaratory judgment complaint by adding or substituting other parties which may be at risk of infringement claims).

5

Unlike in the case of <u>Jacobs v. Nintendo</u>, 370 F. 3d 1097 (Fed. Cir. 2004), the intent of the plaintiff here is to grant to defendant a "covenant not to sue". There is <u>no</u> intent to grant a license, implied or otherwise, and there is clearly <u>no</u> intent for there to be rights to benefit other market participants, through any sublicense or otherwise. The covenant not to sue benefits defendant only, and may not be assigned or transferred in a way that might deprive plaintiff of infringement claims it might have against third-parties.

## CONCLUSION

For the foregoing reasons, this Court should authorize the plaintiff to dismiss or withdraw its complaint against defendant, and should order that the counterclaim be dismissed for lack of subject matter jurisdiction. The order of dismissal can be conditioned upon the filing of a signed covenant not to sue in the form attached to the proposed form of order. In addition, the order of dismissal should recite that the dismissal is not based upon any ruling of the merits of any claims or issues in the action, including the counterclaims. This is critical to ensure that it is not contended in any future litigation (involving other parties) that the order does decide or resolve any issues in the suit.

Respectfully submitted,

Eugene J. Sullivan
William H. Trousdale
TOMPKINS, MCGUIRE, WACHENFELD &
BARRY LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4070
973-622-3000
Attorneys for Plaintiff
Acceris Communications Technologies, Inc.

Dated:  January 25, 2006

508220

7